# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFREY KALVIN BRADY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )　　　1:17CV868 |
| | )　　　1:15CR364-7 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner has filed a motion (Docket Entry 216) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In 2016, Petitioner pled guilty, pursuant to a plea agreement, to conspiracy to distribute cocaine hydrochloride and was sentenced to 98 months of imprisonment. (Docket Entries 1, 74, 79, 30; Minute Entries 1/20/2016 and 5/19/2016.) Petitioner's appeal was unsuccessful. *United States v. Brady*, 675 F. App'x 331 (4th Cir. 2017). Petitioner thereafter filed the instant § 2255 motion. (Docket Entry 216.) The Government, in turn, filed a response. (Docket Entry 221.) Petitioner was notified of his right to file a reply (Docket Entry 222); however, no reply was filed and instead Petitioner filed a motion to amend (Docket Entry 231). This matter is now ripe for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

## PETITIONER'S GROUNDS

Petitioner raises two grounds of ineffective assistance of counsel, one involving trial and appellate counsel's failure to object to the alleged misapplication of the advisory sentencing guidelines and a second involving trial counsel's failure to challenge law

enforcement's alleged violations of Petitioner's Fourth Amendment rights. (Docket Entry 216, Grounds One and Two.) As explained below, neither of these grounds have merit.

## DISCUSSION

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668, 688, 691-92 (1984). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would have not pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S. Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Claims of ineffective assistance of counsel on appeal are also judged using the *Strickland* test. *See Lawrence v. Branker*, 517 F.3d 700, 708-09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983); *see also Evans v. Thompson*, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that

2

counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal"). Ineffective assistance of appellate counsel can be shown by demonstrating that "counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Bell v. Jarvis*, 236 F.3d 149, 180 (4th Cir. 2000) (citation omitted).

## Ground One

Petitioner's first ground for relief is as follows:

> I was given a two level increase because the federal probation officer said I had been on probation and the convictions used against me were incorrectly calculated. My attorney filed an objection to the sentence calculation but withdrew the objections prior to sentencing because he said the money he could receive for representing me had "maxed["] and he would not argue the objection he had made. I told him that the convictions used to calculate my federal sentence were over stated and that some of them had been misdemeanors and should not have been included. Additionally I told him some were so distant in time that they should not be counted. I told my appellate counsel the same argument but just as he had when representing me on the active criminal case, he ignored me, yet told me to raise the issue on my § 2255. My sentence was incorrectly calculated by offense level and by criminal history points.

(Docket Entry 216, Ground One.)

Petitioner has failed to demonstrate that counsel's performance fell below that of a reasonable defense attorney. Even if counsel's withdrawal of the objection at sentencing to the two points assigned at paragraph 74 of the pre-sentence report (Docket Entry 120 at 22) was in error, the outcome of the proceedings would not have changed. Paragraph 74 attributes two criminal history points to Petitioner pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offense while under a criminal justice sentence for prior North Carolina felony

3

convictions for maintaining a vehicle or dwelling place for a controlled substance and for felony possession with the intent to sell and deliver cocaine. (Docket Entry 120, ¶ 74.) This raised Petitioner's total criminal history score from sixteen to eighteen, which established a criminal history category of VI. (*Id.*, ¶ 73-75.) Nevertheless, Petitioner's criminal history category would have remained at VI because under the advisory sentencing guidelines an offender with thirteen or more criminal history points falls into category VI. *See* U.S.S.G. Ch. 5, Pt. A, Sentencing Table (2015). A deduction of two criminal history points here would be immaterial and so Petitioner could not have been prejudiced by counsel's failure to challenge their imposition.

Petitioner also makes vague and conclusory allegations that his prior misdemeanor convictions should not have factored into his criminal history score. Petitioner fails to identify the convictions in question or explain why they should not have been included in his criminal history computation. Likewise, Petitioner makes a vague and conclusory allegation that one or more of his unidentified prior convictions were too old to be included in his criminal history computation. Unsupported, conclusory allegations do not warrant an evidentiary hearing, much less relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cit.1992) *abrog'n on other grounds recog'd, Yeatts v. Angelone,* 166 F.3d 255 (4th Cit.1999). Consequently, to the extent these are efforts to raise additional challenges in this proceeding, which is far from clear, they should be denied. Beyond this, the Court has considered Petitioner's prior convictions and sees no error in the computation of his criminal history. The Fourth Circuit Court of Appeals reached a similar conclusion on appeal, when it determined that Petitioner's sentence was procedurally reasonable. *See Brady*, 675 F. App'x at 332-33 ("We first review for procedural error, such as

4

improper calculation of the Sentencing Guidelines range . . . . We conclude that Brady's

sentence is procedurally reasonable and that Brady has not overcome the presumption of

substantive reasonableness accorded his within-Guidelines-range sentence."). For all these

reasons, Petitioner's first ground for relief lacks merit.

## Ground Two

Petitioner next asserts ineffective assistance of trial counsel for

> not challenging how law enforcement came upon my
> involvement. There was no history of communications between
> myself and any of the co-conspiritors [sic]. No mention of wire
> tapping, cell phone intercepts and no history or warrants or
> subpoenas.
>
> My trial counsel, believing he would be relieved of duty for the
> appointments list, was angry and resentful at the federal
> government and took it out on me. If he had done his job, the
> Indictment against me would have been dismissed for violations
> of the 4th Amendment.

(Docket Entry 216, Ground Two.)

This ground for relief also lacks merit. Both the factual basis filed in support of

Petitioner's guilty plea and the pre-sentence report set forth exactly how Petitioner was

identified by the Drug Enforcement Administration ("DEA"). (Docket Entry 79 at 3-4;

Docket Entry 120 at 22, ¶¶ 21, 24.) Specifically, Petitioner's conversations were captured

during court-authorized wire interceptions over a telephone that was utilized by Constantino

Alvarez Santana, a coconspirator named in a prior indictment (1:14CR398-6) who was also

named as an unindicted conspirator in Petitioner's case (Docket Entry 1). During those calls,

Petitioner engaged in discussions with Santana for the purpose of obtaining quantities of

cocaine hydrochloride. (Docket Entry 79 at 3-4.) Further, Petitioner submitted to a voluntary

Case 1:15-cr-00364-LCB    Document 269    Filed 12/11/19    Page 5 of 7

interview with the DEA wherein he admitted he knew Constantino Alvarez Santana, known to Petitioner as "Costa," as both a mechanic and a cocaine distributor. (*Id.* at 6.) Petitioner went on to admit to the DEA agents that he obtained four and one-half ounces of cocaine from Santana on a weekly basis for a period of six months, during 2010. (*Id.*) Petitioner admitted further that, after he was released from prison in December 2013, he once again began purchasing cocaine from Santana. (*Id.*) Additionally, "[i]n May 2014, [Petitioner] obtained four ounces of cocaine from Santana for $5000. [Petitioner] stated he purchased four-ounce packages of cocaine from Santana twice per month during June and July 2014." (*Id.*) Petitioner did not object to the facts contained in the offense conduct of his pre-sentence report which calculated his base offense level based on the quantities set out therein. (Docket Entry 169 at 2.)

Consequently, Petitioner has failed, in ground two, to meet his burden under *Strickland.* There is no evidence to support Petitioner's claim that counsel's performance fell below that of a reasonable defense attorney in this case. The DEA advised Petitioner that they were aware of his involvement in the illegal drug activity on October 16, 2014, the day Petitioner made incriminating admissions to the agents. (Docket Entry 79 at 6.) Further, prior to that interview, the DEA knew of Petitioner's drug activity because his discussions with Santana were captured over the court-authorized wire interceptions. A meritorious Fourth Amendment challenge did not exist in this case. The calls were intercepted pursuant to a lawful court order for interception over Santana's telephone.

Finally, Petitioner's statement that counsel was "angry and resentful at the federal government and took it out on [him]," is vague, conclusory, and unsupported. *Nickerson*, 971 F.2d at 1136. For this reason alone, it has no merit.

### Motion to Amend

Rather than file a reply to the Government's response to his § 2255 motion, Petitioner instead filed a motion to amend. (Docket Entry 231.) In this motion, Petitioner seems to contend that counsel was deprived of funds sufficient to argue his sentencing memorandum at sentencing and raise the issue of the two-point increase under U.S.S.G. § 4A1.1(d) discussed above. However as explained above, this argument has no merit and so even if Petitioner's allegation is true (and there is no evidence that it is) the result was immaterial here. To the extent Petitioner intends to raise any other claim in his motion to amend, it fails for being vague, conclusory, and unsupported. *Nickerson*, 971 F.2d at 1136. Consequently, the undersigned will grant the motion to amend but will also recommend denying this new ground for relief as meritless.

**IT IS THEREFORE ORDERED** that Petitioner's motion to amend (Docket Entry 231) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that Petitioner's amended motion to vacate, set aside or correct sentence (Docket Entry 216) be **DENIED**, and that judgment be entered dismissing the action.

Joe L. Webster
United States Magistrate Judge

December 11, 2019